| iMURRAY, Judge.
Reginald Cook and Sharon Dupree, plaintiffs/appellants, appeal the dismissal of their claims for back pay, benefits and damages against the New Orleans Police Department, the City of New Orleans, and the Civil Service Commission[1]. Plaintiffs filed suit in Civil District Court alleging that they were disqualified from employment as New Orleans police officers between the years 1987 and 1991 based on their physical condition in violation of the Equal Protection clause of the Louisiana Constitution. The trial court found that the policy plaintiffs complain of furthered a legitimate interest and that there *532 was a reasonable basis for the policy. We agree with that ruling.
Both Mr. Cook and Ms. Dupree applied for full-time positions with the New Orleans Police Department in 1987. Each underwent a physical examination in accordance with the Medical Standards Police Recruit Class Code 7109, the medical standards and examinations Uused for all recruits. The standards, which were quite comprehensive, included the following written directives for testing for back conditions:
Lumbar spine x-rays are required of all Police Recruit applicants. The standards for the classification of lumbar spine x-rays follow. In this classification, Classes I and II are acceptable for employment, x-ray results in Class III must be cleared through the Examining Physician, Classes IV and V are not acceptable for employment.
Among the back conditions listed in the standards was spondylolysis, a spinal condition characterized by fixation or stiffness of the lumbar vertebral joints. The standards provided that bilateral spondylolysis, at any level, was a “Class V” back. Both Mr. Cook and Ms. Dupree were diagnosed as having a Class V condition, and received a physical examination grade of “D”. For this reason, both were ineligible to be hired as police officers based on the Medical Standards Police Recruit Class Code 7109.
Both plaintiffs testified that they were unaware of their back condition, and neither reported having back problems prior to the condition being diagnosed as a result of the physical examination in connection with their 1987 NOPD job applications. Both Mr. Cook and Ms. Dupree subsequently were hired as New Orleans police officers in 1992, after the Civil Service Commission changed its policy to provide for reviewing applicants diagnosed with spondylolysis on an individual basis.
Plaintiffs argue that their 1987 rejection by NOPD was based solely upon their physical condition, in violation of Article I, Section 3 of the Louisiana Constitution, commonly referred to as the Equal Protection Clause. Article I, Section 3 guarantees the right to individual dignity and provides that:
No person shall be denied equal protection of the laws.
No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for a crime, (emphasis added).
Plaintiffs argue, correctly, that the defendants have the burden of showing that the policy that excluded them because of their physical condition did not arbitrarily, capriciously, Lor unreasonably discriminate against them. Sibley v. Bd. of Sup’rs of Louisiana State Univ., 477 So.2d 1094 (La. 1985) Thus, unless the defendants can show that the policy at issue furthers an appropriate state interest, and that the classification has a reasonable basis it is violative of the Equal Protection Clause of the Louisiana Constitution. Id. at 1107.
In the case at bar, the trial court found that the defendants had borne their burden of showing that the policy furthered a legitimate governmental interest in that the defendants have a duty to appoint persons to the New Orleans Police Department who are physically able to perform in that job. The court specifically stated that the policy of excluding applicants on the basis of a Class V back condition was based on standards formulated by Civil Service upon advice of a committee of specialists in medicine and law enforcement and that the New Orleans Police Department’s reliance upon those criteria was reasonable.
Our review of the trial court’s ruling is limited to determining if it was manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. DOTD, 617 So.2d 880 (La.1993).
Our review of this record shows substantial support for the trial court’s determination. On the facts of this case the policy did not violate their rights guaranteed under the Equal Protection Clause of the Louisiana Constitution.
*533 We are satisfied that the Civil Service Commission’s decision to reject recruits based upon spondylolysis was not arbitrary or capricious. Even though the Civil Service Commission later amended its rules to allow individual review of recruits with spondylosis, the 1987 standards were reasonable in light of the medical information at the time. As the trial court noted, “[The fact] that standards subsequently change so as to allow the appointment of plaintiffs as police recruits does not ipso facto establish the unreasonableness or arbitrariness of the prior standards.”
For the reasons stated above, we affirm the trial court’s judgment dismissing plaintiffs’ claims.
AFFIRMED.

. The Civil Service Commission designs and regulates the testing procedures for the New Orleans Police Department.